# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT B. KITCH, JR.,** | **: CIVIL NO:1:09-CV-1741** |
| | **:** |
| **Petitioner,** | **: (Judge Caldwell)** |
| | **:** |
| **v.** | **:** |
| | **: (Magistrate Judge Carlson)** |
| **JAMES MCGRADY,** | **:** |
| **SUPERINTENDENT,** | **:** |
| **SCI RETREAT** | **:** |
| | **:** |
| **Respondent** | **:** |

## REPORT AND RECOMMENDATION

The petitioner, a prisoner at the State Correctional Institution, Retreat, Luzerne County, filed this 28 U.S.C. § 2254 petition on September 9, 2009. The Petitioner has paid the filing fee and submitted an election form notifying the Court of his intention to have his § 2254 petition ruled upon as it is currently filed. A review of the petition reveals that the petitioner was convicted in the Court of Common Pleas of Lancaster County of Incest, Indecent Assault and Involuntary Deviate Sexual Intercourse. (Petition, ¶ 5.) Lancaster County is located within the

territorial jurisdiction of the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 118(a). A 28 U.S.C. § 2254 petition may be brought in the federal judicial district in which the state court of the conviction is located or, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may also be brought in the district of confinement. See 28 U.S.C. § 2241(d). While both districts have jurisdiction to consider the petition, § 2241(d) provides that the district court for the district in which the petition is filed may "in furtherance of justice" transfer the petition to the federal district court in which the state court of the conviction is located. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

In this case, the petitioner is a prisoner at the State Correctional Institution at Retreat, which is located in this district, but was convicted in Lancaster County, which is located in the Eastern District of Pennsylvania. Given that this offense and state prosecution took place in the Eastern District of Pennsylvania, it would be in the interest of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania for further proceedings. 28 U.S.C. § 2241(d). See also Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). In this regard it is noted that the United States District Courts for

Pennsylvania's three federal judicial districts have customarily transferred these petitions to the district of conviction. This custom achieves a desirable uniformity of approach among the three districts in the matter of exercising jurisdiction in these cases, and serves the interests of the litigants in those cases where hearings are required. Therefore, it is recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d). The Petitioner is further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or

her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of September 2009.


*S/Martin C. Carlson*
**United States Magistrate Judge**